Arben KURTAJ, Petitioner,

v.

Alberto GONZALES, United States Attorney General, Respondent.

No. 06–5386–ag.

United States Court of Appeals, Second Circuit.

June 29, 2007.

**60**

Sandy Khine, New York, NY, for Petitioner.

James R. Klindt, Acting United, States Attorney; Judy K. Hunt, Assistant United States Attorney; David P. Rhodes, Assistant United States Attorney, Tampa, FL, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Arben Kurtaj, a citizen of Albania, seeks review of an October 24, 2006 order of the BIA, affirming the May 31, 2005 decision of Immigration Judge ("IJ") Noel A. Brennan, pretermitting his application for asylum and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Arben Kurtaj,* No. A95 468 072 (B.I.A. Oct. 24, 2006) *aff'g* No. A95 468 072 (Immig. Ct. N.Y. City May 31, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ As an initial matter, we lack jurisdiction over Kurtaj's asylum claim where the agency found that he did not establish that he filed his asylum claim within one year of his entry to the United States. 8 U.S.C. § 1158(a)(3). Because Kurtaj does not raise a constitutional claim or question of law, we do not retain jurisdiction under 8 U.S.C. § 1252(a)(2)(D).

In addition, we have no jurisdiction to review Kurtaj's CAT claim because he did not seek CAT relief before the agency. 8 U.S.C. § 1252(d)(1); *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119 n. 18 (2d Cir.2007). Although the BIA denied CAT relief in its decision, the record makes plain that Kurtaj explicitly declined to seek such relief before the IJ. Even if

Kurtaj could clear this jurisdictional hurdle, however, his petition would necessarily fail because substantial evidence supports the agency's denial of Kurtaj's CAT claim as well as his claim for withholding of removal.

We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ Kurtaj's claims for relief from removal depended on the credibility of his evidence. The agency's adverse credibility finding is supported by substantial evidence. Kurtaj's documentary evidence was inconsistent with his testimony and omitted the majority of the incidents he relies on in his application for relief. We agree with the agency that the inconsistencies and omissions are material and that Kurtaj was unable to provide a satisfactory explanation for these circumstances. *See Secaida–Rosales,* 331 F.3d at 307; *Majidi v. Gonzales,* 430 F.3d 77, 80 (2d Cir.2005).

Kurtaj argues that the inconsistencies and omissions were not material, faulting the IJ for finding that his failure to testify credibly as to the one-year bar made her unable to credit the remainder of his testimony. We have held that an adverse credibility finding that undermines part of an applicant's claim need not undermine other parts based upon an independent factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 154 (2d Cir.2006). However, we have also made clear that even "a single false document" can "infect the balance of the alien's uncorroborated ... evidence." *Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007) (discussing the maxim

*falsus in uno falsus in omnibus* (false in one thing false in everything)). In this case, the significant and material inconsistencies between the documents Kurtaj submitted and his testimony about the alleged persecution provided an ample basis for the IJ to reject the overall credibility of his claim. *See id.* at 167.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. The pending motion for a stay of removal in this petition is DISMISSED as moot.